**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| COMMISSION FOR LAWYER DISCIPLINE, § § | |
| Plaintiff, § | |
| V. § § | No. 1:20-CV-89-RP-ML |
| BRANDI STOKES, § | |
| Defendant. § | |

**REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE:

Before the court are Brandi K. Stokes's Application to Proceed In District Court Without Prepaying Fees or Costs (Dkt. #2) and her Motion to Dismiss (Dkt. #3). Having reviewed all the pleadings, the entire case file, relevant case law, and Stokes' abusive filing practices in this court, the undersigned issues the following Report and Recommendation to the District Court recommending that this case be remanded to state court and **Stokes be sanctioned**.

**I.   BACKGROUND**

In addition to her previous frivolous filings in other cases, this case is at least the third time Stokes has attempted to remove a state-court disciplinary suit against her brought by the Commission for Lawyer Discipline. *Commission for Lawyer Discipline v. Stokes*, No. 1:18-cv-323-RP (W.D. Tex. October 23, 2018); *Commission for Lawyer Discipline v. Stokes*, No. 1:19-cv-754-RP (W.D. Tex. October 23, 2018); *see also Stokes v. Corsbie et al.*, No. 1:17-cv-00115-RP (W.D. Tex. December 20, 2017) (Dkt. #34); *Stokes v. Corsbie et al.*, No. 1:17-cv-00116-RP (W.D. Tex. December 20, 2017) (Dkt. #23); *Stokes v. Sulak*, No. 1:17-cv-01044-RP (W.D. Tex. July 26, 2018). On January 27, 2020, the Clerk's Office entered an Order by Judge Pitman in *Commission*

*for Lawyer Discipline v. Stokes*, No. 1:19-cv-754-RP (W.D. Tex. October 23, 2018), adopting the undersigned's Report and Recommendation that the case be remanded for lack of subject matter jurisdiction and warning Stokes that "additional frivolous filings or filings made for an improper purpose will likely lead to sanctions." Dkt. #26 in No. 1:19-cv-754-RP. Notice of that filing was electronically mailed to Stokes. *Id.* Earlier that day—but well after the undersigned's Report and Recommendation recommending the warning was entered—she again attempted to remove a state-court disciplinary action brought by the Commission for Lawyer Discipline. Dkt. #1 in No. 1:20-CV-89-RP-ML. Although the underlying disciplinary matters are distinct, Stokes appears to base this removal on the same, previously rejected, ground of her past removal. *Compare* Dkt. #3[1] (Motion to Dismiss relying on the Geneva Convention) in No. 1:20-CV-89-RP-ML, *with* Dkt. #1 (Notice of Removal relying on the Geneva Convention) in No. 1:19-CV-754-RP. For the same reasons that her previous attempts at removal of disciplinary actions failed, this attempt fails as well.

**II.   APPLICABLE LAW**

The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007); *see also Hood ex rel. Mississippi v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013) ("Any ambiguities are construed against removal and in favor of remand to state court."). A federal district court must remand a case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

---

[1] Stokes included no basis for federal jurisdiction or removal in her Notice of Removal in this case. Dkt. #1.

**III.   ANALYSIS**

It is a "long-established axiom that a plaintiff is master of his complaint." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008). Under the "well-pleaded complaint" rule, federal courts have original or removal jurisdiction "only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is not federal question jurisdiction if the plaintiff properly pleads only a state law cause of action." *Id*. (citing *Franchise Tax Bd. v. Const. Laborers Vacation Trust*, 463 U.S. 1, 10–11 (1983)). Thus, "[a] defense that raises a federal question is inadequate to confer federal jurisdiction." *Id*. (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)). Likewise, a federal counterclaim does not establish federal question jurisdiction. *Renegade Swift, LLC v. Wright*, 857 F.3d 692, 697 (5th Cir. 2017) (citing *Vaden v. Discover Bank*, 556 U.S. 49 (2009)).

As noted previously, "[t]he Commission's disciplinary petition is a state law action for alleged violations of several Texas Disciplinary Rules of Professional Conduct." *Compare* Dkt. #1-1 at 3 (Second Amend. Disciplinary Pet.), *with Commission for Lawyer Discipline v. Stokes*, No. 1:18-cv-323-RP (W.D. Tex. October 23, 2018) (Dkt. #13 at 2), *and Commission for Lawyer Discipline v. Stokes*, No. 1:19-cv-754-RP (W.D. Tex. October 23, 2018) (Dkt. #20 at 3). These rules were promulgated by the Supreme Court of Texas pursuant to Article II, Section I of the Texas Constitution and section 81.011(c) of the Texas Government Code. They involve solely questions of Texas law, and the power to regulate the Texas State Bar rests with the Texas Supreme Court. *In re State Bar of Texas*, 113 S.W.3d 730, 732 (Tex. 2003). No federal claims are included in the state-court Complaint. Dkt. #1-1. Accordingly, "there is nothing on the face of the Commission's well-pleaded complaint that raises a federal question." *See Commission for Lawyer Discipline v. Stokes*, No. 1:18-cv-323-RP (W.D. Tex. October 23, 2018) (Dkt. #13 at 2);

*Commission for Lawyer Discipline v. Stokes*, No. 1:19-cv-754-RP (W.D. Tex. October 23, 2018) (Dkt. #20 at 4). This court lacks subject-matter jurisdiction to hear this case, and the case should be remanded back to state court.

### IV.   SANCTIONS RECOMMENDATION

After the undersigned recommended that Stokes be warned that she would be sanctioned if she made further frivolous filings, but just before the District Judge issued such a warning, Stokes again frivolously removed another state-court disciplinary action. After the District Judge's warning was entered and electronically sent to Stokes, she did not file any motions to remand this case to state court or otherwise correct her improper removal. Stokes is a licensed attorney in Texas and, if not through her education then through her previous filings, is fully aware of the requirements for subject-matter jurisdiction and removal to federal court. Nonetheless, she removed yet another case that clearly has no basis for federal jurisdiction.

Accordingly, the undersigned recommends that she be sanctioned by the District Judge to include, but not be limited to:

- being barred from filing or removing any matter that includes the Commission for Lawyer Discipline in the Western District of Texas,

- being barred from filing any matter in the Western District of Texas without prior approval from a District Judge[2]; and

- any other sanction the District Judge finds necessary to prevent her frivolous and abusive filings.

### V.   RECOMMENDATION

For the reasons given above, the undersigned **RECOMMENDS** this case be **REMANDED** to the 345th Judicial District Court of Travis County, Texas. The undersigned

---

[2] The undersigned notes she currently has a purported class action pending in this court on behalf of all protected persons pursuant to the Geneva Convention. *See In re: Brandi K. Stokes*, No. 1:19-CV-1021-RP (filed Oct. 18, 2019). No defendant is actually named in the suit. *Id.*

**FURTHER RECOMMENDS** that Stokes be sanctioned to include, but not be limited to:

- being barred from filing or removing any matter that includes the Commission for Lawyer Discipline in the Western District of Texas,

- being barred from filing any matter in the Western District of Texas without prior approval from a District Judge[3]; and

- any other sanction the District Judge finds necessary to prevent her frivolous and abusive filings.

## VI.  OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED January 28, 2020.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE

---

[3] The undersigned notes she currently has a purported class action pending in this court on behalf of all protected persons pursuant to the Geneva Convention. *See In re: Brandi K. Stokes*, No. 1:19-CV-1021-RP (filed Oct. 18, 2019). No defendant is actually named in the suit. *Id.*